UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CRISTINO MEJIA,**<br><br>        **Plaintiff,**<br>vs.<br><br>**MICHELANGLEO PIZZERIA AND RESTAURANT OF EASTPORT, INC.,** and **FRANCESCO DiSTEFANO, Individually,**<br><br>        **Defendants.** | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>**Docket No.:** |

Plaintiff CRISTINO MEJIA ("Plaintiff" or "Mejia"), on behalf of himself and all others similarly situated, by and through his attorneys, Jaffe Glenn Law Group, P.A., upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants MICHELANGELO PIZZERIA AND RESTAURANT OF EASPORT, INC., ("Michelangelo's" or "Defendant"), and FRANCESCO DiSTEFANO, individually, ("DiStefano" or "individual Defendant"), (the Corporate Defendant and the individual Defendant are referred to collectively as "Defendants") and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et. seq*. ("FLSA"), on behalf of himself and all other persons similarly situated who suffered damages and continue to suffer damages as a result of Defendants' violations of the FLSA and the New York Labor Law, Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

1

2. As more fully described below, during the relevant time periods, Defendants willfully violated the FLSA and the applicable state laws of the State of New York by failing to pay Plaintiff, and all other similarly situated employees, their overtime wages based upon their unlawful policies and practices. Defendants failed to properly pay Plaintiff and other similarly situated employees for their hours worked in excess of forty (40) hours per work week at the statutorily required rate of pay in direct violation of the FLSA and applicable state laws of the State of New York. Defendants failed to properly provide and maintain records regarding Plaintiff's and other similarly situated employees' hours worked and method by which compensation was paid and further failed to compensate Plaintiff and similarly situated employees under the spread of hours laws in accordance with applicable New York state laws.

3. Plaintiff has retained the law offices of Jaffe Glenn Law Group, P.A., to represent him in this matter.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and 1367, and by 29 U.S.C. § 201, *et. seq*.

5. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants are subject to personal jurisdiction in this District. At all times material hereto, Plaintiff Mejia performed non-exempt kitchen food preparation duties for

the Defendants based from their County of Suffolk, New York location, which is within the jurisdiction and venue of this Court.

8. At all times pertinent to this Complaint, the corporate Defendant is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Furthermore, Defendant Michelangelos' annual gross revenue exceeded $500,000.00 in the years at issue.

9. Defendants are within the personal jurisdiction and venue of this Court. Defendants directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees, at all material times, including without limitation directly or indirectly, by controlling the terms of employment of Plaintiff and other similarly situated employees.

10. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

11. Upon information and belief, at all times relevant to this Complaint, individual Defendant DiStefano has been an owner, partner, officer, and/or manager of Defendant Michelangelo's.

12. Upon information and belief, at all times relevant to this Complaint, individual Defendant DiStefano managed, owned, controlled and/or operated Michelangelo's and regularly exercised the authority to hire and fire employees, determine the work schedule of employees, set the rate of pay of employees and control the finances and operations of the businesses.

13. Additionally, individual Defendant DiStefano directly or indirectly acted in the interest of an employer towards Plaintiff Mejia and other similarly situated employees, at all material times, including, without limitation, directly or indirectly controlling the terms of

employment of Plaintiff and other similarly situated employees. By virtue of such control and authority, individual Defendant DiStefano was an employer of Plaintiff, and all other similarly situated employees, as such term is defined by the Act, 29 U.S.C. 201.et. seq.

14. Defendant DiStefano regularly directed and controlled Plaintiff's work, directing what jobs Plaintiff was to perform each and every day of his employment.

15. In addition to Defendant DiStefano's control over the work Plaintiff was to perform, DiStefano also determined the pay Plaintiff was to receive for the jobs performed.

16. Throughout the relevant period, individual Defendant DiStefano employed Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL. Individual Defendant DiStefano had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

17. All Defendants, corporate and individual, are covered employers within the meaning of the FLSA and NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

**PARTIES**

18. Plaintiff is an adult resident of Suffolk County, New York.

19. Plaintiff worked for Defendants as a non-exempt kitchen worker, performing food preparation services in Defendants' restaurant from approximately 2009, through in or about September 2019.

20. At all times relevant to this Complaint, Plaintiff was and is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Labor Law § 190(2).

21. Plaintiff Mejia brings this Cause of Action, pursuant to FLSA, 29 U.S.C. §

4

216(b), on behalf of himself and all other persons similarly situated – non-exempt kitchen workers – who worked in furtherance of Defendants' restaurant, on or after December 26, 2016, to the present (three years before the filing of the Complaint in this case) ("FLSA Collective Plaintiffs").

22. Defendant Michelangelo's is a corporation organized under the laws of the State of New York with a primary office in Mattituk, County of Suffolk, New York.

23. Upon information and belief, at all times relevant to this Complaint, Defendants are in the restaurant business.

24. Upon information and belief, at all times relevant to this Complaint, the Defendants employed individuals to perform restaurant food for their patrons.

## FLSA COLLECTIVE ALLEGATIONS

25. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

26. This action is brought on behalf of the Plaintiff and similarly situated employees who performed and continue to perform work for Defendants as kitchen workers so as to recover their unpaid overtime compensation.

27. The Plaintiff and those employees similarly situated to Plaintiff are all victims of the Defendants' common policy and/or plan to violate the FLSA by (1) by failing to pay overtime wages, at a rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

28. Upon information and belief, Defendants uniformly applied the same employment policies, practices, and procedures to all kitchen workers.

29. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods and the service of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

30. The overtime wage provisions set forth in §§ 201 *et. seq.* of the FLSA apply to Defendants.

31. Defendants are engaged in interstate commerce and/or the production of goods for interstate commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a) as Defendants prepare foods and services, whose food and other materials come from out of state, and are used as final products sold to patrons in New York, as well as patrons form outside of New York.  As well, the tools used by Defendants to perform their jobs are moved through interstate commerce. Finally, Defendants receive payment for their services with funds that move through the interstate commerce channels. Alternately, Plaintiff and those similarly situated employees used products which moved through interstate commerce in the performance of their job for Defendants.

## **FACTS**

32. From in or about 2010, and through in about September 2019, Plaintiff worked for Defendants' business performing duties as a kitchen worker, primarily making pizzas for Defendants.

33. Plaintiff worked between five (5) and six (6) days per work week.

34. Plaintiff routinely worked on average approximately eleven (11) to twelve (12)

hours per day, or between fifty-five (55) and seventy-two (72) hours per week. Plaintiff was not compensated at the required statutory overtime rate for his hours worked in excess of forty (40) hours per work week.

35. Plaintiff was paid approximately $20.00 per hour for all hours worked.

36. Plaintiff was not paid time and one half for hours that he worked in excess of forty (40) in a work week.

37. During the employment of Plaintiff by Defendants, other workers employed by Defendants were paid in a similar manner as Plaintiff, and their working schedules were also similar to Plaintiff's schedule.

38. Defendants have engaged and continue to engage in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

39. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendant.

40. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff and FLSA Collective Plaintiffs, performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked within a work week and for all of their hours worked in excess of forty (40) within a work week.

41. Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

42. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29

U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs, including pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

43. Plaintiff re-alleges and incorporates and hereby references all allegations contained in the paragraphs above.

44. Defendants have engaged in a widespread pattern and practice of violating the FLSA as described in this Collective Action Complaint.

45. Defendants have failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

46. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

47. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

48. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et. seq*.

49. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NEW YORK LABOR LAW

50. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

51. Plaintiff brings this Cause of Action, pursuant to the NYLL, on behalf of himself and all those similarly situated as members of the New York Class ("New York Class") – non-exempt kitchen laborers – who worked in furtherance of Defendants' restaurant business, on or after December 30, 2013 (six years before the filing of the Complaint in this case).

52. Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action complaint.

53. At all relevant times, Plaintiff, and members of the New York Class, were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Plaintiff and New York Class members are covered by the NYLL.

55. Defendants failed to pay Plaintiff and members of the New York Class all of the overtime wages due to them in addition to their regular rate of pay to which they are entitled under the NYLL, Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142.

56. Defendants have failed to pay Plaintiff and members of the New York Class all of their overtime compensation at the statutorily required rate of at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

57. Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and New York Class members.

58. Defendants' violations of the N.Y. Lab. Law § 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 and as described in this Collective Action Complaint, have been willful and intentional.

59. Due to Defendants' violations of the NYLL, Plaintiff and New York Class members are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 19, § 663, and Article 6, § 198, and pre-judgment and post-judgment interest.

## COUNT III
## RECOVERY FOR RECORD KEEPING VIOLATIONS
## PURSUANT TO THE NYLL

60. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

61. Defendants have willfully failed to supply Plaintiff and New York Class members, notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiff or New York Class members, as their primary language, containing Plaintiff's or New York Class members, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Art. 6 § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and

a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

62. Defendants have willfully failed to supply Plaintiff and New York Class members, with an accurate statement of wages as required by NYLL Art. 6 § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

63. Due to Defendants' violations of the N.Y. Lab. Law § 195, Plaintiff and New York Class members, are entitled to recover from Defendants Fifty Dollars ($50.00) for each day that the violations occurred or continue to occur, not to exceed Five Thousand Dollars ($5,000.00) each, as provided for by N.Y. Lab. Law Article 6, § 198(1)-b, as well as reasonable attorneys' fees and costs.

64. Due to Defendants' violations of the N.Y. Lab. Law § 195, Plaintiff and New York Class members, are entitled to recover from Defendants two hundred fifty dollars ($250.00) for each day that the violations occurred or continue to occur, not to exceed five thousand dollars ($5,000.00) each, as provided for by N.Y. Lab. Law Article 6, § 198(1)-d, as well as reasonable attorneys' fees and costs.

## COUNT IV
## RECOVERY FOR WEEKLY STATEMENT VIOLATIONS PURSUANT TO THE NYLL

65. Plaintiff repeats and re-alleges the allegations set forth in the previous

paragraphs herein.

66. New York State law mandates that Defendants supply Plaintiff and similar employees a statement with every payment of wages detailing, amongst other things, his hours worked and his pay as required by NYLL Article 6, § 195 3.

67. NYLL Article 6, § 195 3, requires that Defendants provide Plaintiff and similarly situated employees with a weekly statement delineating, their dates of work covered, whether paid by the hour, shift, day, week, salary, piece rate, commission, or other gross wages, hourly rate or rates of pay and overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked in accordance with NYLL Art. 6 § 195 3.

68. Defendants failed to provide Plaintiff and similarly situated employees with the statement as described above, in violation of NYLL Art. 6, § 195 3.

69. Upon information and belief, Defendants' failure to provide Plaintiff and putative class members this statement accurately as required was willful.

70. Due to Defendants' violations of the NYLL, Plaintiff and similarly situated employees are entitled to recover from Defendants Two Hundred Fifty Dollars ($250.00) for each workweek that the violations occurred, or a total Five Thousand Dollars ($5,000.00), as provided for by NYLL Art. 6 §198(1)-d, reasonable attorneys' fees and costs.

## COUNT V
## NYLL SPREAD OF HOURS LAW

71. Plaintiff repeats and re-alleges the allegations set forth in the above paragraphs.

72. Pursuant to state law, New York employees are entitled to receive "an additional hour of pay at the basic minimum hourly rate" for any workday that lasts longer than ten hours, including "intervals off duty." See 12 NYCRR § 146-1.6.

73. Upon information and belief, Defendants required that Plaintiff and other similarly situated employees work more than ten (10) hours in a day.

74. Upon information and belief, Defendants did not pay the Plaintiff and other similarly situated employees an additional hour's pay at the basic minimum hourly wage rate when the Plaintiff and similarly situated employees worked more than ten (10) hours in a day.

75. Consequently, by failing to pay the Plaintiff and similarly situated employees an additional hour's pay at the basic minimum hourly wage rate when Plaintiff and similarly situated employees worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 146-1.6.

76. Upon information and belief, Defendants' failure to pay "spread of hours" compensation to the Plaintiff and similarly situated employees was willful.

77. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6, and are liable to the Plaintiff and other of Defendants' employees in an amount to be determined at trial, plus interest, and attorneys' fees and costs, pursuant to the above cited Labor Law and regulatory sections.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of himself, individually and on behalf of all other similarly situated persons, seeks the following relief:

a. That, at the earliest possible time, Plaintiff be allowed to give notice of this Collective Action, or that the Court issue such notice, to all members of the FLSA Class. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

b. An award of unpaid overtime compensation due under the FLSA and the supporting United States Department of Labor regulations;

c. An award of liquidated damages, penalties, and pre-judgment and post-judgment interest as permitted as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

d. An award of unpaid overtime compensation due under the NYLL;

e. An award of liquidated damages, penalties, and pre-judgment and post-judgment interest as permitted by the NYLL;

f. An award of spread of hours compensation due under the NYLL;

g. Two Hundred Fifty Dollars ($250.00) for each day that the violations of NYLL Article 6 § 195 occurred or continue to occur, not to exceed Five Thousand Dollars ($5,000.00), as provided for by NYLL Article 6 § 198(1)-b;

h. Two Hundred Fifty Dollars ($250.00) for each day that the violations of NYLL Article 6 § 195 occurred or continue to occur, not to exceed Five Thousand Dollars ($5,000.00), as provided for by NYLL Article 6 § 198(1)-d;

i. Attorneys' fees and costs of the actions; and

j. Such other and further relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 30, 2019

Respectfully submitted,

s/Jodi J. Jaffe
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
New York Bar No.: JJ8034

                                        **JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
Attorney for Plaintiff